## George Rimestone *v.* J. H. Reifsnyder, Appellant.

*Vendor and vendee—Practice, C. P.—Question for jury.*

The action being to recover the amount of unpaid purchase money of a lot of ground, and testimony being conflicting as to the price agreed upon and the amount paid, the question was properly one for the jury.

*Vendor and vendee—Deed—Consideration—Evidence.*

Ordinarily the deed is prima facie evidence of the amount of consideration agreed to be paid, but is not conclusive.

Argued Feb. 16, 1897. Appeal, No. 28, Feb. T., 1897, by defendant, from judgment of C. P. Centre Co., Aug. T., 1895, No. 118, on verdict for plaintiff. Before WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Assumpsit to recover balance of purchase money. Before LOVE, P. J.

Plaintiff's evidence tended to show a balance of $181.50 due and owing from defendant to plaintiff on account of the purchase of a certain lot or piece of ground in the borough of Millheim, for which the defendant agreed to pay $400.

Defendant admitted the purchase but introduced evidence tending to show that the consideration as agreed upon between the parties and consummated by a deed bearing date on the 15th day of March, 1890, was $257.29.

The court left the question to the jury to be determined on the evidence as to what was the consideration money agreed to be paid by Reifsnyder to Rimestone for the lot in controversy, charging them, inter alia, as follows: " Ordinarily the deed itself is prima facie evidence of the amount agreed to be paid, but is not conclusive." (4)

Verdict for plaintiff for $248.90. Defendant moved for a new trial, which rule was dismissed by the court in the following opinion by LOVE, P. J.

This is a rule granted upon the plaintiff to show cause why a new trial should not be had in this case. The first reason for a new trial is the absence of material witnesses—and that defendant was forced to trial before the said witnesses arrived.

If the witnesses were regularly subpœnaed they should have been here in time for the trial. They could have been here by rail in ample time, and no excuse is shown for their not being here in due time in obedience to the demands of subpœna. If they voluntarily disobeyed their subpœna, the defendant should have asked for an attachment at once, and then until the attachment was returned the trial would have been postponed. But the evidence, the witnesses would have testified to, would not have materially affected the only question of fact in dispute— the contract for the purchase of the lot had been executed, deed executed and delivered by plaintiff to defendant. The only question was as to the amount of consideration money to be paid. The plaintiff and one witness testified that defendant had agreed to pay $400. The defendant denied this, and testified that he was to pay the sum mentioned in the deed to wit $257.29. The evidence raises a question of fact that must go to a jury, and we submitted it fairly to the jury. We instructed the jury that prima facie the deed showed the consideration agreed upon, and that they had the deed and the testimony of Mr. Reifsnyder on the one side and the testimony of the plaintiff and Ryan on the other side. After a due consideration of reasons filed and the testimony adduced, we do not think them sufficient to move the court to grant a new trial.

*Errors assigned* were (1) in forcing defendant to trial on the first day of the term before his witnesses, who were on their way to the court, had arrived; (2) in giving weight to the testimony of Harry Ryan; (3) in overruling motion for a new trial; (4) in portions of the general charge, reciting same.

*D. F. Fortney*, with him *Ira C. Mitchell*, for appellant.

*Wilbur F. Reeder*, for appellee.

OPINION BY WILLARD, J., March 17, 1897:

The plaintiff in the court below brought an action against the appellant to recover the sum of one hundred and eighty-one dollars and fifty cents ($181.50) unpaid purchase money alleged to be due as part consideration for a certain lot of land sold by him to the appellant. The appellee testified that the price of

the lot agreed upon was four hundred dollars ($400), and in this he was corroborated by another witness who was present at the time the bargain was made between the parties in 1890. The appellee also testified that after deducting certain payments on account there was due and unpaid the sum of one hundred and eighty-one dollars and fifty cents ($181.50) on the contract and interest from January, 1890.

The appellant testified that he bought the lot and received a deed therefor in which the consideration was stated to be two hundred and fifty-seven dollars and twenty-nine cents ($257.29) and that that amount was the agreed price between the parties and that he had fully paid the same.

This question of fact was carefully submitted to the jury by the learned trial judge and a verdict rendered for the plaintiff for two hundred and forty-eight dollars and ninety cents ($248.90). We find no error in the submission of the case to the jury.

The questions raised by the first, second and third assignments of error are not proper subjects for our consideration; they were correctly disposed of by the learned trial judge in his opinion refusing a new trial.

The judgment is affirmed.